UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| DEWEY ODELL HOPPER,    ) | |
| ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | |
| ) | No. 4:21-CV-373-NAB |
| MICHELE BUCKNER,    ) | |
| ) | |
| Defendant.    ) | |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on self-represented plaintiff Dewey Odell Hopper's motion for leave to proceed in forma pauperis on appeal and his letter to the Court dated July 18, 2021, which the Court construes as a motion for reconsideration of the dismissal of his case on the basis of his failure to notify the Court of plaintiff's change of address.

Plaintiff filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 17, 2021. On May 19, 2021, a letter that the Court had addressed to plaintiff at South Central Correctional Center ("SCCC") was returned to the Court marked "return to sender," "not deliverable as addressed," and "unable to forward." The Court could not verify a new address for plaintiff. On June 23, 2021, the Court dismissed without prejudice plaintiff's action pursuant to Local Rule 2.06(B) for failure to notify the Court of plaintiff's change of address.

On July 12, 2021, plaintiff filed a Notice of Appeal. In his notice of appeal, plaintiff states that staff at SCCC wrongly rejected and returned to the Court his legal mail. Plaintiff states his address has not changed; he is still incarcerated at SCCC.

In a letter to the Court dated July 18, 2021 (ECF No. 15), filed after the Notice of Appeal, plaintiff seeks to "reverse this Order [of Dismissal] or to proceed further with my Habeas Corpus." Because his address had not changed, he seeks reconsideration of the dismissal of his action

pursuant to Local Rule 2.06(B). Given this information, it appears that plaintiff's requested relief from the judgment would be appropriate under Federal Rule of Civil Procedure 60(b)(6).

However, because plaintiff has filed a Notice of Appeal, the Court lacks authority to grant plaintiff's motion for reconsideration. *See* Fed. R. Civ. P. 62.1. The Federal Rules of Civil Procedure provide that the Court may: "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." *Id.* The Court believes that plaintiff's arguments in his motion for reconsideration are meritorious. Thus, although this Court is procedurally bound to deny the motion for reconsideration at this time, the Court suggests that plaintiff follow the procedure in the Eighth Circuit and petition the court of appeals to remand the matter so as to confer jurisdiction on the district court to grant the motion at a later time.

Therefore, the Court will enter an Order stating that plaintiff's motion for reconsideration raises a substantial issue. Rule 62.1 requires plaintiff to "promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1" that the Court entered this Order. The Eighth Circuit may, in its discretion, remand for this Court to address the substantial issue raised by plaintiff's motion for reconsideration. *See* Fed. R. Civ. P. 62.1 advisory notes (2009).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis on appeal is **GRANTED**. [ECF No. 14]

**IT IS FURTHER ORDERED** that although the Court believes that plaintiff's arguments in his motion for reconsideration are meritorious, it is bound by Eighth Circuit case law to deny the motion for reconsideration at this time. Plaintiff's motion for reconsideration is **DENIED** without prejudice with leave to refile.

**IT IS FURTHER ORDERED** that in light of the aforementioned, plaintiff shall file a motion with the Eighth Circuit Court of Appeals seeking to immediately remand this matter to the District Court.

Dated this 29th day of July, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE