# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DEWEY ODELL HOPPER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:21-cv-00373-SPM |
| | ) | |
| MICHELE BUCKNER, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This closed habeas corpus matter is before the Court on petitioner's letter received on April 29, 2024, which the Court will construe as a motion to appoint counsel. For the following reasons, the motion will be denied.

There is neither a constitutional nor statutory right to the appointment of counsel in a federal habeas proceeding under 28 U.S.C. § 2254. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997); *see also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action"). Rather, the decision to appoint counsel is within the discretion of the district court. *Williams v. State of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981) (explaining that "court is empowered within its discretion to appoint counsel to assist a prisoner in presenting a habeas corpus petition, and failure to appoint one in the circumstances of this case was not an abuse of that discretion").

A court may appoint counsel for a self-represented petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (providing that in the "interests of justice," a court may provide representation for any financially eligible person who "is seeking relief under section

1

2241, 2254, or 2255 of title 28"). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

Petitioner filed his first petition for writ of habeas corpus in this Court on October 2, 2017. *See Hopper v. Norman*, No. 4:17-cv-2601-SRW (E.D. Mo.) On September 21, 2020, this Court denied petitioner's first petition for writ of habeas corpus. *Id.* at ECF No. 22.

On March 17, 2021, petitioner filed this case, his second petition for writ of habeas corpus. On September 3, 2021, the Court dismissed the instant petition for writ of habeas corpus as successive. (ECF No. 24). The Eighth Circuit Court of Appeals denied petitioner's petition for authorization to file a successive habeas application on March 17, 2022. (ECF No. 36). On September 8, 2022, petitioner's appeal was dismissed by the Eighth Circuit Court of Appeals for lack of jurisdiction.

Now plaintiff seeks the appointment of counsel in this second habeas petition—a petition that has already been denied and dismissed. Because petitioner's first petition for writ of habeas corpus was denied, and he sought and was denied authorization to file this second, successive habeas petition, the Court finds this second action frivolous. For this reason, it will deny petitioner's motion for appointment of counsel.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's letter to the Court received on April 29, 2024, which the Court construes as a motion to appoint counsel, is **DENIED**. [ECF No. 50]

Dated this 2nd day of May, 2024.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE